IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| CAMERON J. KITKO, | ) |
|---|---|
| Plaintiff, | ) |
|  | ) CIVIL ACTION NO. 3:10-189 |
| v. | ) JUDGE KIM R. GIBSON |
|  | ) |
| POLICE OFFICER RANDALL J. YOUNG, *in his individual capacity*, LISA A. ROSSI, and WILLIAM SHAW, JR., *in his individual capacity and official capacity as the District Attorney of Clearfield County*, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER OF COURT

### I. SYNOPSIS

This matter comes before the Court on Defendant Lisa A. Rossi's Motion to Dismiss Second Amended Complaint (Doc. No. 48), Defendants William Shaw Jr. and Clearfield County's Motion to Dismiss Second Amended Complaint (Doc. No. 50), and Defendant Randall J. Young's Motion to Dismiss Second Amended Complaint (Doc. No. 52). Plaintiff Cameron J. Kitko opposes all three Motions (Doc. Nos. 54, 55 and 57). For the reasons set forth herein, Defendant Rossi's Motion is hereby **GRANTED IN FULL**; Defendants Shaw and Clearfield County's Motion is hereby **GRANTED IN FULL**; and Defendant Young's Motion is **GRANTED IN PART** and **DENIED IN PART**.

### II. JURISDICTION AND VENUE

Jurisdiction is proper pursuant to 28 U.S.C. § 1343 and 28 U.S.C. § 1367. Venue is proper pursuant to 28 U.S.C. § 1391(b).

1

## III. PROCEDURAL AND FACTUAL BACKGROUND

This case arises from events leading to and culminating with a police search of the home of Plaintiff Cameron J. Kitko at 41 Albion Road in Punxsutawney, Pennsylvania, on February 3, 2010. Plaintiff alleges that the search, which was connected to a criminal investigation against his brother Walter Kitko, was illegal, and that each of the three Defendants played a role in violating his rights under the United States Constitution, the Pennsylvania Constitution, and Pennsylvania law. Plaintiff filed his original Complaint (Doc. No. 1) in this Court on July 16, 2010 against Defendants Young, Clearfield County and Rossi. All three of the original Defendants subsequently filed Motions to Dismiss (Doc. Nos. 14, 16, and 18). However, Plaintiff's original attorney Joseph Devecka moved to withdraw from representation on August 24, 2010 (Doc. No. 20), which this Court granted three days later (Doc. No. 21). After the Court denied Plaintiff's Motion for Reconsideration of Mr. Devecka's withdrawal (Doc. No. 24), Plaintiff was unable to retain an attorney, and has since proceeded with this matter *pro se*.

Plaintiff then requested leave of Court on November 22, 2010 to file an Amended Complaint against the same Defendants (Doc. No. 29), which would incorporate additional claims not previously pled in the original Complaint. After the Court granted Plaintiff's Motion, the aforementioned Defendants once again filed Motions to Dismiss (Doc. Nos. 27, 30 and 32). Without leave of Court, Plaintiff then filed a Second Amended Complaint (Doc. No. 35) on January 10, 2011, which added Defendant Shaw to the existing claims against Clearfield County. All Defendants filed a Motion to Strike the new complaint (Doc. No. 38), which this Court denied on February 14, 2011, while also granting Plaintiff's Motion to file a Second Amended Complaint. Accordingly, Plaintiff's Second Amended Complaint was deemed filed that same day. The three instant Defendants each subsequently filed a Motion to Dismiss the Second

Amended Complaint and a Brief in Support (Doc Nos. 48, 49, 50, 51, 52 and 53). In response, Plaintiff has filed a Brief in Opposition to each of the Motions (Doc. Nos. 54, 55 and 57).

## IV. STANDARD OF REVIEW

Defendants each brought their Motions to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. Rule 12(b)(6) must be balanced with the requirements of Rule 8, which governs general pleading matters, and provides that "[a] pleading that states a claim for relief must contain . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8. Because Plaintiff is proceeding *pro se*, his pleading is to be liberally construed, and his Second Amended Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).

While the recent decisions of the United States Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), represent a significant change in federal pleading standards, the United States Court of Appeals for the Third Circuit has provided clear guidance to the district courts. To wit:

> [A]fter *Iqbal*, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id*. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." 129 S. Ct. at 1950. In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Phillips*, 515 F.3d at 234-35. As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 129 S. Ct. at 1950. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009). In short, a district court

reviewing a motion to dismiss for failure to state a claim must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Id.* at 210 (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). However, "legal conclusions" and "[t]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice" as bona fide factual material. *Iqbal* 129 S. Ct. at 1949.

## V. DISCUSSION

Plaintiff's Second Amended Complaint pleads seven claims against the Defendants. Two are made jointly against Defendants Young and Rossi (Counts One and Five); three are made solely against Defendant Young (Counts Two, Three, and Four); one is made against Defendants Shaw and Clearfield County (Count Six); and one is made jointly against Defendants Young and Shaw (Count Seven). Because some counts involve more than one Defendant, the Court will assess all three Motions together and evaluate their respective arguments as to each count.

In addition, the Court notes that Plaintiff has attempted to add additional facts to the record in his Memoranda of Opposition, as well as attached affidavits and additional documentation attached to the Memoranda. The Court once again emphasizes that Plaintiff was given two opportunities to amend his Complaint. Therefore, to the extent that Plaintiff pleads new facts in any of his responses to the Motions, the Court declines to consider them, and relies on only those facts pled in the Second Amended Complaint.

### A. Count One – Civil Conspiracy (Young and Rossi)

Plaintiff first alleges that Defendants Young and Rossi took part in a civil conspiracy to "knowingly, deliberately and intentionally deprive the Plaintiff of his right to be free from unreasonable searches," as guaranteed by the Fourth Amendment. Doc. No. 45 at 30. As a

4

result of this conspiracy, he asserts that his home was subject to search without probable cause, leading to Plaintiff suffering physical and mental harm. Defendant Rossi argues that 1) Plaintiff's facts are inaccurate; 2) the Complaint pleads mere allegations, which are insufficient for a federal civil conspiracy claim to survive a Motion to Dismiss; 3) neither Rossi nor Young intended to violate Plaintiff's constitutional rights, and 4) the search by Young was done validly in furtherance of an ongoing criminal investigation. Doc. No. 49 at 7-10. For his part, Defendant Young argues that 1) there was no violation of Defendant's constitutional rights, thus precluding a civil conspiracy claim; and 2) in the alternative, that the Second Amended Complaint's conspiracy claim is implausible on its face. Doc. No. 53 at 29.

Plaintiff's federal civil conspiracy claim arises under 42 U.S.C. § 1983, which establishes a cause of action for violations of rights created by the Constitution or federal law.[1] To properly plead a civil conspiracy claim under § 1983, plaintiffs must both satisfy the basic elements of a § 1983 claim, as well as the elements of a conspiracy claim. *Cunningham v. North Versailles Township*, 2010 WL 391380 at *5 (W.D.Pa. Jan. 27, 2010) (citing *Marchese v. Umstead*, 110 F.Supp.2d 361, 371 (E.D.Pa. 2000). Regarding the pleading standard for § 1983 claims, the Supreme Court has indicated that only two allegations are required: first, that some person has deprived plaintiff of a federal right, and second, that the person who deprived plaintiff of that right acted under the color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). To plead a conspiracy claim, a plaintiff "must provide some factual basis to support the existence of

---

[1] Plaintiff also argues that this action arises under 42 U.S.C. § 1985. Doc. No. 1 at 1. However, that statute does not apply here, as plaintiffs bringing a claim under 42 U.S.C. § 1985 must plead "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action..." *Farber v. City of Patterson*, 440 F.3d 131, 135 (3d Cir.2006) (quoting *Griffin v. Breckinridge*, 403 U.S. 88, 102 (1971). Plaintiff makes no such assertions in his Second Amended Complaint, nor is it clear to the Court how race or class-based discrimination would have occurred in this case. Accordingly, we analyze Plaintiff's civil conspiracy claim as arising under 42 U.S.C. § 1983.

the elements of a conspiracy: agreement and concerted action." *Capogosso v. The Supreme Court of N.J.*, 588 F.3d 180, 185 (3d Cir. 2009) (quoting *Crabtree v. Muchmore*, 904 F.2d 1475, 1480-1 (10th Cir. 1990). Private individuals may be deemed to have acted under color of state law in a § 1983 action if they conspired with state actors to violate a plaintiff's civil rights. *Catanzaro v. Collins*, 2010 WL 1754765 at *9 (M.D.Pa. April 27, 2010). However, such claims must rise above "mere labels and conclusions." *Capogosso*, 588 F.3d at 184.

In reviewing Defendants Rossi and Young's objections to Plaintiff's Second Amended Complaint, several arguments can be disposed with immediately. First, it does not matter for purpose of a Rule 12(b)(6) motion whether Plaintiff's facts are inaccurate, or whether the Defendants present some other version of those facts. Instead, we must take all of Plaintiff's well-pled facts as true, thus disqualifying Defendants' arguments regarding the accuracy or plausibility of Plaintiff's claims, Defendants' intentions vis-à-vis Plaintiff, and the nature of the search itself. These are factual matters more appropriately reserved for a motion for summary judgment.

However, Defendants both raise valid arguments as to whether Plaintiff's federal civil conspiracy claim has been properly pled, and most notably, whether Plaintiff's averments rise beyond the level of conclusory statements, as set forth by the Supreme Court in *Iqbal*. In his respective Responses to Rossi's and Young's Motions to Dismiss, Plaintiff argues that he has alleged sufficient specific facts to support his claim. Doc. No. 54 at 4; Doc. No. 57 at 11. The Court agrees that, for purpose of a Rule 12(b)(6) motion, Plaintiff has set forth numerous averments which are directly relevant to his federal civil conspiracy claim. These include his allegations that 1) Rossi desired to obtain certain photographs, "including by unlawful means", that she believed to be in Plaintiff's brother's possession (Doc. No. 45 at 3-4); 2) Rossi

6

"knowingly and falsely... advised Young that [Plaintiff's brother] also owned the Plaintiff's residence at 41 Albion Road (*Id.* at 4); 3) Young had "actual or constructive knowledge" that Plaintiff's brother did not own or reside the aforementioned residence and that Rossi's information was false (*Id.*); and 4) Rossi and Young "wholly fabricated" their allegations regarding picture and voice messages allegedly sent to Rossi (*Id.* at 5-6).

Nevertheless, despite these averments, the Court finds that Plaintiff has not met his pleading burden for a § 1983 civil conspiracy claim. The Court first notes that while Plaintiff is proceeding *pro se*, he has been given two previous opportunities to amend his Complaint in order to properly establish his claims. In this Second Amended Complaint, he has still not pled sufficient facts to establish "agreement" and "concerted action" on the part of Defendants to violate *Plaintiff's* constitutional rights. Instead, Plaintiff pleads facts regarding the behavior and intentions of Defendants prior to the search in question – which was, after all, focused on the activities of Plaintiff's brother, and not Plaintiff – and classifies these facts as being "in furtherance of [Defendants'] concerted scheme, plan and design to intentionally violate plaintiff's constitutional rights." Doc. No. 45 at 5-6. This latter statement is a legal conclusion, which we need not accept under the *Iqbal* standard. And absent his general allegation of a conspiracy, Plaintiff has not pled sufficient facts to suggest that a) Rossi and Young agreed together to violate his rights, and b) they took concerted action to that effect. As the Third Circuit has made clear, in the post-*Twombly* and *Iqbal* era, plaintiffs bringing a conspiracy claim must set forth "'enough factual matter (taken as true) to suggest that an agreement was made,'" or "'plausible grounds to infer an agreement.'" *Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 178 (3d Cir.2010) (quoting *Twombly*, 550 U.S. at 556). Plaintiff has not done so here. Accordingly, and considering that Plaintiff has had two previous chances

to amend his Complaint, his federal civil conspiracy claim against Defendants Rossi and Young is hereby dismissed with prejudice.

## B. Count Two – Unreasonable Search under Fourth Amendment (Young)

Plaintiff's second claim is that because of Defendant Young's actions, Plaintiff "was subjected to a search of his premises without probable cause and the Defendant deprived the Plaintiff of his Fourth Amended [sic] U.S. Constitutional right to be free from unreasonable searches." Doc. No. 45 at 10. In response, Defendant Young argues that there was ample probable cause for the warrant, Doc. No. 53 at 21, and alternatively, that this claim is barred because of Young's qualified immunity. Doc. No. 53 at 27.

The Court finds neither of Defendant Young's arguments persuasive for purpose of a Rule 12(b)(6) motion. First, Plaintiff has met his initial burden under 42 U.S.C. § 1983 in that he has pled deprivation of a federal right, and that Defendant Young acted under color of state law. Second, Plaintiff has met his burden for violations of the Fourth Amendment involving invalid search warrants. Under the test established by the Supreme Court in *Franks v. Delaware*, plaintiffs challenging the validity of a search warrant must show that 1) defendant made a false statement in the warrant application either knowingly and intentionally, or with reckless disregard for the truth, and 2) the false statement was necessary to the finding of probable cause. *Franks v. Delaware*, 438 U.S. 154, 155-6 (1978). Plaintiff clearly contends in his Second Amended Complaint that Young 1) "had actual or constructive knowledge" that Plaintiff's brother did not own Plaintiff's home, along with supporting statements as to the circumstances of Defendant Young's obtaining this information; and 2) that the information was supplied on the warrant, leading to the allegedly illegal search. Doc. No. 45 at 4, 10. Defendant Young's furnishing of contradictory information regarding the circumstances of the warrant, while

8

perhaps informative, is nevertheless unavailing as to the motion at hand, as its consideration involves a factual inquiry not appropriate at this stage. Accordingly, this argument fails.

Regarding qualified immunity, the Supreme Court has held the doctrine to apply when a state actor's conduct does not violate clearly established rights of which a reasonable person would have known. *Brandon v. Holt*, 469 U.S. 464, 472-3 (1985). As the Third Circuit has noted, an inquiry into qualified immunity is a two-step process. First, a court must determine whether clearly established rights have been violated. Next, the court must decide if the defendant acted reasonably in depriving the plaintiff of his constitutional rights. *Abbott v. Latshaw*, 164 F.3d 141, 148 (3d Cir.1998). Because the Fourth Amendment's protection against unlawful searches and seizures is well-known, the first element has been satisfied. The second element requires a factual inquiry, which is not appropriate at this stage. See *Gale v. Storti*, et al, 608 F.Supp.2d 629, 634 (E.D.Pa.2009) (holding that, for purpose of motion to dismiss, once plaintiff establishes that constitutional rights have been violated, analysis of qualified immunity is best deferred to summary judgment). Accordingly, Defendant Young's qualified immunity defense is denied without prejudice as to its being raised at a later stage of the litigation.

Given that the Court deems Count Two of Plaintiff's Second Amended Complaint as capable of proceeding, it next addresses Defendant Young's argument that punitive damages are not available in this case. Doc. No. 53 at 34. It is evident from Defendant Young's brief, as well as Plaintiff's response, that factual inquiries would be required to determine whether such damages would be allowed. Therefore, this issue is more appropriately raised at the summary judgment stage.

## C. Count Three – Violation of Pennsylvania Constitution (Young)

Plaintiff's third claim is related to the same conduct referenced in his second claim

against Young, but is pled as a violation of the Pennsylvania Constitution. Doc. No. 45 at 11. Although not evident from the Complaint, the Court presumes that Plaintiff refers to Article I, Section 8 of the Pennsylvania Constitution, which holds that "[t]he people shall be secure in their persons, houses, papers and possessions from unreasonable searches and seizures, and no warrant to search any place or seize any person or things shall issue without describing them as nearly as may be, nor without probable case, supported by oath or affirmation subscribed to by the affiant." PA. CONST. ART. 1, § 8. In response, Defendant Young contends that there is no Pennsylvania statutory equivalent to 42 U.S.C. § 1983, and that this claim must therefore fail as a matter of law. Doc. No. 53 at 30.

The Court notes that to date, neither federal courts nor Pennsylvania state courts have recognized a cause of action for monetary damages for violations of the Pennsylvania Constitution. See *Braun v. State Correctional Inst. at Somerset*, 2010 WL 10398 at *11 (W.D.Pa. 2010 Jan. 4, 2010) (granting motion to dismiss claims for money damages under Pennsylvania Constitution because no statutory authority or case law authorizes such an action); *Jones v. City of Philadelphia*, 890 A.2d 1188, 1208 (Pa.Commw.Ct.2006) (noting that "neither Pennsylvania statutory authority, nor appellate case law has authorized the award of monetary damages for a violation of the Pennsylvania Constitution"). Plaintiff seems to address the issue in his response by suggesting that Defendant Young's conduct was a violation of a Pennsylvania statute, 42 PA.CONS. STAT. § 8953. Doc. No. 57 at 3. However, he provides no indication as to how this statute furnishes him a cause of action.[2] Nor is the Court persuaded by his request to

---

[2] As Plaintiff's Memorandum of Law in Opposition to Defendant Young's Motion to Dismiss (Doc. No. 57) is unclear as to whether he is attempting to clarify his earlier pleading of Count Three, or is instead expounding on Count Seven, which implicates 42 Pa.Cons. Stat. § 8953, the Court will assume that Plaintiff is making the same argument as to both Counts Three and Seven.

10

amend his Complaint yet again to somehow properly plead a state law cause of action pertaining to Defendant Young's search.[3] As already noted, Plaintiff has had two previous opportunities to do so. Accordingly, Count Three of the Plaintiff's Second Amended Complaint is hereby dismissed with prejudice.

### D. Count Four – Violation of Fourteenth Amendment (Young)

Plaintiff's fourth claim is that during the course of the allegedly illegal search of Plaintiff's home, Defendant Young enabled the confiscation of Plaintiff's personal property in violation of his Fourteenth Amendment right not to be deprived of property without due process of law. Doc. No. 45 at 12. Defendant Young counters that 1) Plaintiff has no Fourteenth Amendment claim because the conduct at issue is governed by a specific constitutional amendment – the Fourth, which therefore subsumes this claim, and 2) Defendant's conduct does not rise to the level of violating the Fourteenth Amendment. Doc. No. 53 at 18-19. In response, Plaintiff further argues that Defendant Young had no authority to seize property not included in the search warrant. Doc. No. 57 at 13.

A review of the Second Amended Complaint reveals that Plaintiff has provided few facts regarding the alleged deprivation of property during the search executed by Defendant Young. Nowhere in the Complaint, nor in Plaintiff's response to Defendant Young's motion to dismiss, does he clearly indicate what property was confiscated without due process of law (other than to

---

[3] Plaintiff also requests that this Court "take judicial notice of the fact that the search warrant in question which was used to search the Plaintiff's home was from a magistrate whose magisterial district was not located within the judicial district of Defendant Young's primary jurisdiction, insamuch [sic] that the court is provided with the necessary information to ascertain such a fact." Doc. No. 57 at 6. The Court notes that taking judicial notice of any fact is premature at this stage of the litigation, and it declines to do so.

indicate that police officers broke down his front door).[4] However, regardless of what property was taken, Plaintiff has not properly pled a Fourteenth Amendment violation. As the Supreme Court has clearly indicated, "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Pennsylvania's post-deprivation remedies have been deemed meaningful for purpose of alleged violations of the Fourteenth Amendment. *Cook v. Drew*, 2007 WL 3072238 at *9 (W.D.Pa. Oct. 19, 2007). Therefore, Plaintiff must provide facts showing that state actors have refused to provide him the aforementioned remedy. As the Supreme Court explained in *Hudson*, this is because "the state's action is not complete until and unless it provides or refuses to provide a suitable postdeprivation remedy." *Hudson*, 468 U.S. at 533. Plaintiff has not furnished any facts regarding such postdeprivation state action; there is no indication that he attempted to re-obtain his property after the search of his home, or that Defendant Young or other state actors hindered any such effort. Accordingly, Plaintiff's Fourteenth Amendment claim is hereby dismissed with prejudice.

### E. Count Five – Civil Conspiracy State Law Claim (Rossi and Young)

In addition to his federal claim for civil conspiracy against Rossi and Young (Count One), Plaintiff also brings a state law claim for civil conspiracy to deprive him of his rights under both Article 1, Section 8 of the Pennsylvania Constitution and the Fourth Amendment. Doc. No. 45 at 13-14. In response, both Defendants Rossi and Young argue that 1) actions taken by Rossi

---

[4] Plaintiff provides additional information in an Affidavit and Receipt accompanying his Memorandum of Opposition (Doc. No. 56), but most of these facts were not pled in the Second Amended Complaint and are therefore not considered here.

and/or Young alleged in Plaintiff's complaint were neither malicious nor directed toward Plaintiff, and 2) the search of Plaintiff's residence was lawful. Doc. No. 49 at 11; Doc. No. 53 at 32-3. For his part, Plaintiff does not specifically reply to these arguments in his response, but does emphasize that the Court is free to grant relief other than money damages for violations of Pennsylvania state law. Doc. No. 57 at 14.

As already discussed, there is no cause of action for violations of the Pennsylvania Constitution; therefore, Plaintiff's state law civil conspiracy claim fails as to money damages for any infringement of Article 1, Section 8. And even absent this principle, Plaintiff's state law conspiracy claim for violations of both the Pennsylvania Constitution and the Fourth Amendment fails. To establish a civil conspiracy claim under Pennsylvania law, Plaintiff must plead (1) a combination of two or more persons acting with a common purpose to do an unlawful act or to do a lawful act by unlawful means or for an unlawful purpose, (2) an overt act done in pursuance of the common purpose, and (3) actual legal damage. *Phillips v. Selig*, 959 A.2d 420, 437 (Pa.Super.2008). Proof of malice, or intent to injure, is also an essential part of an action for civil conspiracy. *Com. v. TAP Pharmaceutical Products, Inc.*, --- A.3d ----, 2011 WL 3946941 at * 24 (Pa.Cmwlth.2011). While the Court agrees that Plaintiff has properly pled the second and third elements, Plaintiff has not met his burden for the first element. As the Court indicated in its analysis of Plaintiff's federal civil conspiracy claim, while Plaintiff has pled facts that are relevant to an alleged conspiracy between Rossi and Young, these facts are not sufficiently specific, absent Plaintiff's otherwise conclusory statements, as to a conspiracy directed toward the violation of *Plaintiff's* rights. To be sure, as already detailed, the pleading standard differs between a 42 U.S.C. § 1983 civil conspiracy and a civil conspiracy under Pennsylvania law. But the Pennsylvania standard nevertheless requires malice and or intent to injure directed toward the

13

Plaintiff. There are no facts to that end in the Plaintiff's Second Amended Complaint. Therefore, Plaintiff's state law civil conspiracy claim is hereby dismissed with prejudice.

## F. Count Six – Violations of Fourth and Fourteenth Amendments (Shaw and Clearfield County)

Plaintiff brings his sixth claim against Defendant Shaw, the district attorney of Clearfield County. In the course of pleading this claim, he additionally refers to Clearfield County as a defendant. Doc. No. 45 at 14. Plaintiff asserts that Defendant Shaw approved the allegedly illegal search warrant of Plaintiff's home, thus violating Plaintiff's Fourth and Fourteenth Amendment rights, as already set forth in Counts Two and Four against Defendant Young. He further asserts that Defendant Clearfield County "maintained a policy, custom or practice of approving search warrants without probable cause, in the instant case, and over a long period of time." Doc. No. 45 at 15. In response, Shaw and Clearfield County argue that 1) Plaintiff has not properly pled either Fourth or Fourteenth Amendment claims and 2) Shaw is entitled to absolute prosecutorial immunity, or, in the alternative, qualified immunity for his actions in approving the warrant. Doc. No. 51 at 9-16. Plaintiff counters that 1) he has pled sufficient facts to uphold his claims, and 2) Shaw is not entitled to absolute prosecutorial immunity because he was acting in an investigatory, not prosecutorial, capacity in approving the warrant.

We first note that in his Memorandum of Law in Opposition to Defendant Shaw's Motion to Dismiss, Plaintiff attempts to add to the record additional facts to shed light on his federal claims against Defendant Shaw. The Court once again emphasizes that Plaintiff was given two opportunities to amend his Complaint. Therefore, to the extent that Plaintiff pleads new facts in his Memorandum in Opposition, the Court declines to consider them for purpose of the instant Motion, and relies on only those facts pled in the Second Amended Complaint. In addition, we

14

do not consider Defendant Shaw's arguments regarding immunity, as this would involve questions of fact best reserved for the summary judgment stage.

A review of the Complaint reveals there are very few statements relevant to Plaintiff's claims against Shaw and/or Clearfield County. First, Plaintiff asserts that Defendant Rossi sought Shaw's assistance to obtain photos in possession of Plaintiff's brother, but he does not explain what assistance she sought or whether such assistance was provided. Doc. No. 45 at 3-4. Second, Plaintiff alleges that Defendant Young "sought and received advise [sic] from Shaw on how to proceed in obtaining the alleged pictures." *Id.* at 4. Third, Plaintiff then asserts that Defendant Shaw approved the allegedly illegal search warrant "despite the clear and obvious legal deficiencies, falsities, misstatements and omissions of the Affidavit of Probable Cause, which Defendant Shaw knew of, or had reason to know…" *Id.* at 7. Fourth, Defendant Shaw is said to have had "actual and/or constructive knowledge" that Defendant Young secured the warrant under knowingly false pretenses, and that Defendant Shaw "could not have reasonably believed that they could rely on said warrant as being lawful" because "the application and affidavit for the search warrant was so lacking in indicia of probable cause as to render reliance on it wholly unreasonable." *Id.* at 8. Fifth, Plaintiff asserts that Defendant Shaw approved the search warrant for Plaintiff's residence in February 2010, and "ordered the actual search…" *Id.* at 15. Sixth, Plaintiff states that Shaw's actions led to the violation of Plaintiff's Fourth and Fourteenth Amendment rights. *Id.* Finally, Plaintiff asserts that Clearfield County "maintained a policy, custom, or practice of approving search warrants without probable cause, in the instant case, and over a long period of time." *Id.*

These statements, when considered together, fall short of meeting Plaintiff's pleading burden. First, as already discussed above in the Court's consideration of Count Four, Plaintiff

has not pled sufficient facts to demonstrate a violation of his Fourteenth Amendment rights, either as to Defendant Young or Defendant Shaw. In addition, while Plaintiff successfully pled a Fourth Amendment claim against Defendant Young, Plaintiff's statements regarding Defendant Shaw's conduct are relatively paltry. Of the statements considered above, numbers three, four, and six all contain legal conclusions without sufficient supporting facts. The Court need not accept these under the standard set forth in *Iqbal*. This leaves statements one, two, five and seven. Of these, statements one, two, and five are either irrelevant or insufficiently vague to establish a violation of Plaintiff's rights by Shaw. Finally, statement seven, seemingly aimed at maintaining an action against Clearfield County, is a general accusation with no accompanying supporting fact. As a result, Plaintiff does not meet his pleading burden for either his Fourth or Fourteenth Amendment claims. The Court therefore dismisses this claim with prejudice as to both Defendants Shaw and Clearfield County.

## G. Count Seven – Violation of State Law (Young and Shaw)

Finally, Plaintiff asserts a claim against Defendants Young and Shaw for violation of the Pennsylvania Municipal Police Jurisdiction Act, 42 Pa. Cons. Stat. § 8953. Defendant Young's response is premised on the supposition that Plaintiff's federal claims should be dismissed, and therefore the Court should decline to exercise its jurisdiction over this state law claim. Doc. No. 53 at 33. In his response, Defendant Shaw argues that the law as stated does not apply to him. Doc. No. 51 at 16-17.

The Court need not consider these arguments because Count Seven does not plead a particular cause of action, nor does the Municipal Police Jurisdiction Act establish one. Further, because there is no cause of action for violations of the Pennsylvania Constitution, there is no relief for Plaintiff as to this claim under state law. As discussed regarding Count Three, the

16

Court is not persuaded by Plaintiff's request to amend his Complaint yet again to somehow properly plead a state law cause of action. Doc. No. 57 at 5-6. And even if the Court were to construe this Count liberally as pleading a cause of action for infringement of Plaintiff's *federal* constitutional rights through the violation of a state statute, Plaintiff's claim must fail, as "violation of the MPJA simply does not demonstrate violation of constitutional rights." *McDonald v. Darby Borough*, 2008 WL 4461912 at *3 (E.D.Pa. Oct. 3, 2008). Accordingly, Count Seven is hereby dismissed with prejudice.

## VI. CONCLUSION

For the reasons stated above, Defendant Rossi's Motion to Dismiss (Doc. No. 48) is hereby **GRANTED IN FULL**; Defendants Shaw and Clearfield County's Motion to Dismiss (Doc. No. 50) is hereby **GRANTED IN FULL**; and Defendant Young's Motion to Dismiss (Doc. No. 52) is hereby **GRANTED IN PART** and **DENIED IN PART**. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CAMERON J. KITKO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION NO. 3:10-189 |
| v. | ) JUDGE KIM R. GIBSON |
| | ) |
| RANDALL YOUNG, in his official and, individual capacities, LISA A. ROSSI, in her individual capacity, and WILLIAM SHAW, JR., in his individual capacity and as the DISTRICT ATTORNEY OF CLEARFIELD COUNTY | ) ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |

## ORDER

**AND NOW,** this 7th day of February 2012, this matter coming before the Court on Defendant Lisa Rossi's Motion to Dismiss (Doc. No. 48), Defendants William Shaw Jr. and Clearfield County's Motion to Dismiss (Doc. No. 50), and Defendant Randall Young's Motion to Dismiss (Doc. No. 52), **IT IS HEREBY ORDERED** as follows:

1. Defendant Rossi's Motion to Dismiss is **GRANTED IN FULL**, and all claims against her are **DISMISSED WITH PREJUDICE**. The Clerk of the Court is directed to enter **JUDGMENT** in favor of Defendant Rossi as to Counts One and Five of Plaintiff's Second Amended Complaint.

2. Defendants Shaw and Clearfield County's Motion is **GRANTED IN FULL**, and all claims against them are **DISMISSED WITH PREJUDICE**. The Clerk of the Court is directed to enter **JUDGMENT** in favor of Defendants Shaw and Clearfield County as to Count Six of Plaintiff's Second Amended Complaint, and in favor of Defendant Shaw as to Count Seven of Plaintiff's Second Amended Complaint.

3. Defendant Young's Motion to Dismiss is **GRANTED IN PART** and **DENIED IN PART**. The Clerk of the Court is directed to enter **JUDGMENT** in favor of Defendant Young as to Counts One, Three, Four, Five, and Seven, which are **DISMISSED WITH PREJUDICE**. Count Two of Plaintiff's Second Amended Complaint may proceed.

**BY THE COURT:**

**KIM R. GIBSON,**
**UNITED STATES DISTRICT JUDGE**