IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| CAMERON J. KITKO, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. 3:10-189 |
| v. | ) | JUDGE KIM R. GIBSON |
| | ) | |
| RANDALL YOUNG, in his official and, | ) | |
| individual capacities, LISA A. ROSSI, in | ) | |
| her individual capacity, and WILLIAM | ) | |
| SHAW, JR., in his individual capacity and | ) | |
| as the DISTRICT ATTORNEY OF | ) | |
| CLEARFIELD COUNTY | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER OF COURT**

**GIBSON, J.**

### I. SYNOPSIS

This matter comes before the Court on Defendant's Motion for Reconsideration (Doc. No. 85) of this Court's February 7, 2012 Order on Motion to Dismiss (Doc. No. 78). Plaintiff has also filed a Brief in Support (Doc. No. 88). Defendant Randall Young opposes the Motion (Doc. No. 96). Defendants Clearfield County and William Shaw, who were dismissed from this case by the aforementioned Order, also oppose the Motion (Doc. No. 91). For the reasons that follow, the Court will **DENY** Plaintiff's Motion.

### II. JURISDICTION AND VENUE

Jurisdiction is proper pursuant to 28 U.S.C. § 1343 and 28 U.S.C. § 1367. Venue is proper pursuant to 28 U.S.C. § 1391(b).

1

## III. FACTUAL AND PROCEDURAL BACKGROUND

This case arises from events leading to and culminating with a police search of the home of Plaintiff Cameron J. Kitko at 41 Albion Road in Punxsutawney, Pennsylvania, on February 3, 2010. The relevant facts were set forth in the Court's February 7, 2012 Memorandum Opinion and Order (Doc. No. 78) and will not be repeated here. In that Order, the Court granted Defendant Lisa Rossi's Motion to Dismiss with prejudice as to counts one and five of Plaintiff's Second Amended Complaint. The Court also granted Defendants Shaw and Clearfield County's Motion to Dismiss with prejudice as to counts six and seven. Finally, the Court granted Defendant Young's Motion to Dismiss as to counts one, three, four, five and seven. However, the Court found that count two of Plaintiff's Second Amended Complaint could proceed.

Plaintiff originally retained attorney Joseph Devecka as his counsel in this case. However, Mr. Devecka, who filed Plaintiff's original Complaint (Doc. No. 1), withdrew as counsel on August 27, 2010 (Doc. No. 21). Starting on that date, and continuing through the entry of the Court's February 7, 2012 Order, Plaintiff had been acting *pro se*, which included his filing of both an Amended Complaint (Doc. No. 29) and Second Amended Complaint (Doc. No. 45). After the Court dismissed six of the seven counts from the Second Amended Complaint, attorney Herbert Terrell filed a Notice of Appearance on behalf of Plaintiff on March 4, 2012 (Doc. No. 84). Plaintiff subsequently filed the instant Motion for Reconsideration and Brief in Support, along with a Motion for Entry of Judgment under Rule 54(b) (Doc. No. 86) and Brief in Support.[1] Defendants Clearfield County and William Shaw filed their Response in Opposition to the instant Motion on March 14, 2012, and Defendant Young filed his Brief in Opposition on March 27, 2012. Subsequent to those filings, Plaintiff's counsel reiterated in an Initial Rule 16 Conference held on April 2, 2012 that Plaintiff wishes to amend his Complaint a third time.

---
[1] The latter Motion will be addressed in a separate order.

2

Doc. No. 98 at 2.

## IV. STANDARD OF REVIEW

The purpose of a motion for reconsideration is "'to correct manifest errors of law or fact or to present newly discovered evidence.'" *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (quoting *Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1998)). As the Third Circuit has explained, a judgment may be altered or amended if the party seeking reconsideration demonstrates at least one of the following grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice. *Lazaridis*, 591 F.3d at 669 (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)); *Quinteros*, 176 F.3d at 677. Furthermore, "[m]ere 'dissatisfaction with [a court's] ruling is not a proper basis for reconsideration." *Holbrook v. Woodham*, Civ. A. No. 3:05-304, 2007 U.S. Dist. LEXIS 50966, *4 (W.D. Pa. 2007) (quoting *Velazquez v. UPMC Bedford Mem'l Hosp.*, 338 F. Supp. 2d 609, 611 (W.D. Pa. 2004)); see also *Lazaridis*, 591 F.3d at 669 (upholding a district court's denial of a motion for reconsideration because advancing "the same arguments that were in [the movant's] complaint and motions" was "not a proper basis for reconsideration").

## V. DISCUSSION

In his Motion, Plaintiff asserts two reasons as to why the Court should reconsider its previous Order. First, Plaintiff argues that his Second Amended Complaint set forth sufficient facts to establish a conspiracy claim against Defendants Rossi and Young under 42 U.S.C. 1983, especially given the more liberal pleading standard accorded to *pro se* litigants. Second, Plaintiff contends that he properly pled a claim for municipal liability as to Shaw and Clearfield County by linking the search at issue to a purported county policy. Additionally, Plaintiff argues that the

3

Court should have allowed him to file a Third Amended Complaint. The Court will address each of these arguments in turn.

### A. Count One – Conspiracy claim against Defendants Young and Rossi

Plaintiff first asks the Court to reconsider its decision to dismiss count one of his Second Amended Complaint, which alleges that Defendants Young and Rossi conspired together to deprive him of his Fourth Amendment rights. Plaintiff argues he should have been held to a lower pleading standard given his *pro se* status. Doc. No. 88 at 2. He further contends that, given this lower pleading standard, there were sufficient factual allegations in the complaint to establish a claim for conspiracy under 42 U.S.C. § 1983. Although Plaintiff does not specify upon what grounds the Court should reconsider its earlier determination as to his conspiracy claim, the Court will assume that it is based on "the need to correct clear error of law", as the other two grounds cited in *Lazaridis* do not apply. For his part, Defendant Young asserts that Plaintiff is merely rehashing the same arguments made in his response to the earlier Motion to Dismiss, and that the Court properly dismissed the conspiracy claim. Doc. No. 95 at 2-3.

A review of the section of the Court's Memorandum addressing the conspiracy claim (Doc. No. 78 at 4-8) does not reveal any clear error of law. As noted therein, regardless of plaintiff's status as a *pro se* litigant, he still had the burden of pleading sufficient facts *in his complaint* to satisfy both the elements for a § 1983 claim, as well as the elements to establish a conspiracy claim. Doc. No. 78 at 5-6. The Court acknowledged that the Second Amended Complaint contained some factual material that was relevant to both these requirements, but that ultimately Plaintiff's conspiracy claim failed because many of Plaintiff's averments did rise above the level of conclusory statements. *Id.* at 6-7. In his Motion, Plaintiff argues that the Court erred because "the complaint sets forth that Ms. Rossi provided false or misleading

4

information to Young, which Young knew or should have known was false, and, yet, at Rossi's insistence, Young proceeded to violate the Plaintiff's 4th Amendment rights." Doc. No. 88 at 2. Plaintiff then cites five paragraphs (10, 11, 12, 19, 20, and 23) from the Complaint containing the relevant allegations. However, as the Court previously noted, these facts are insufficient to suggest that there was any "meeting of the minds" on the part of Defendants to deprive *Plaintiff* of his constitutional rights. See *Goodson v. Maggi*, 797 F.Supp.2d 624, 638 (W.D. Pa. June 23, 2011).

Further, many of Plaintiff's statements – e.g., 1) that Young "knew or should have known" that Plaintiff, and not Walter Kitko, owned the residence searched by Young and 2) that Rossi and Young had a concerted scheme or plan to violate Plaintiff's rights – are conclusory in nature, with no support from Plaintiff's cited paragraphs to suggest otherwise. As the Supreme Court recently noted in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), "legal conclusions" and "[t]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice" as bona fide factual material. Perhaps anticipating this deficiency, at one point Plaintiff's Motion even stretches the bounds of what was alleged in the Second Amended Complaint. He asserts that "the Complaint stated that *Rossi and Young*, 'in furtherance of their concerted scheme, plan, … to violate Plaintiff's constitutional rights…" *[did] search Plaintiff's home* without probable cause" (emphasis added). Doc. No. 88 at 4. Yet nowhere in the Second Amended Complaint is there any allegation that *Rossi* participated in the search of Plaintiff's home. See Doc. No. 45 at 8. And as already noted, regardless of Plaintiff's *pro se* status, he has had three opportunities to establish his conspiracy claim, to no avail. Accordingly, the Court will deny Plaintiff's Motion as to count one of his Second Amended Complaint.

5

## B. Count Six – Municipal liability as to Defendants Shaw and Clearfield County

Plaintiff next asks the Court to reconsider its dismissal of count six of the Second Amended Complaint, which alleges that both Defendants Shaw and Clearfield County violated Plaintiff's Fourth and Fourteenth Amendment rights. Plaintiff argues that the Court did not give sufficient consideration to his allegations that Shaw was acting under the authority of Clearfield County's policy, which states that no warrants be issued without the approval of the District Attorney. Doc. No. 88 at 4. In support, Plaintiff cites *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978), which held that a municipality may be held liable for the acts of its employees to the extent that any unconstitutional act "implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Id.* at 690. In response, Defendants Shaw and Clearfield County contend that Plaintiff has provided no new facts or arguments in his Motion to support his claim. Doc. No. 90 at 4-5.

The Court agrees that it should have more directly addressed the possibility of a *Monell* claim in its earlier Memorandum. *Monell* furnished a cause of action "when execution of a government's policy or custom... inflicts the injury that the government as an entity is responsible under § 1983." *Id.* at 694. Here, it is not Clearfield County's policy (i.e., conditioning all search warrants to the approval of the district attorney), but rather *its application as to Plaintiff*, which is alleged as unconstitutional. Accordingly, Plaintiff argues that Shaw's decision to approve the allegedly illegal warrant, by itself, should be considered as official policy of Clearfield County, as the Supreme Court has stated that "municipal liability may be imposed for a single decision by municipal policymakers under appropriate circumstances." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480 (1986).

6

In his Brief in Support, Plaintiff admits that his Second Amended Complaint "did not expressly state whether Defendant Shaw was an employee of the county or an employee of the municipality", but nevertheless asks the Court to construe his pleading liberally and allow the discovery process to resolve the issue. Doc. No. 88 at 6. However, even were this Court to afford Plaintiff such latitude, it would be unavailing for purpose of the present Motion. Whether a local official may be accorded policymaking authority for purposes of a § 1983 claim – and hence subject the municipality to liability for his or her actions – is a matter of state law. *Pembaur*, 475 U.S. at 483. In Pennsylvania, a district attorney acts as an agent of the county (and hence can be considered a county policymaker) when he or she "engages in purely administrative tasks unrelated to prosecutorial functions." *N.N. v. Tunkhannock Area School Dist.*, 801 F.Supp.2d 312, 318 (M.D. Pa. 2011) (citing *Coleman v. Kaye,* 87 F.3d 1491, 1499 (3d Cir.1996). However, "when a local government official acts as a *state* policymaker, the local government cannot be responsible for the actions which constitute *state,* and not *local,* government policy." *Id.* at 317 (citing *McMillian v. Monroe County,* 520 U.S. 781, 783 (1997). The Third Circuit has made clear that when a district attorney or prosecutor participates in the search warrant process, his or her involvement is properly classified as "an investigatory and prosecutorial function in which he acts as a state official" – not a local one. *Carter v. City of Philadelphia*, 181 F.3d 339, 353 n. 45 (3d Cir. 1999). Accordingly, because count six relates to District Attorney Shaw's approval of the search warrant, Shaw cannot be classified as a "policymaker" for § 1983 purposes, as he was acting within his prosecutorial function, which does not provide him with *local* policymaking authority. And absent such authority on the part of Shaw, Clearfield County cannot be held liable under § 1983 for his approval of the warrant. Further, Plaintiff's argument that he could prevail on other theories of municipal liability (i.e.,

7

failure to train and discipline or maintenance of unconstitutional policies and procedures) is irrelevant to a reconsideration of the Court's previous Order, as none of those claims were pled in the Second Amended Complaint. Accordingly, the Court will deny Plaintiff's Motion for Reconsideration as to count six of the Second Amended Complaint.

## C. Plaintiff's request to amend his complaint a third time

Finally, Plaintiff requests that, regardless of the Court's disposition of the instant Motion, he should be given leave to file a Third Amended Complaint. Doc. No. 88 at 7. In support, Plaintiff argues that he cited additional facts in his Memorandum of Law in Opposition to Defendant Shaw's Motion to Dismiss that would have been relevant to his claims, and that an amended complaint would not prejudice the parties to this matter. *Id.* at 8-9. Defendants Young, Shaw, and Clearfield County oppose granting Plaintiff leave to amend his Complaint. Doc. No. 95 at 3; Doc. No. 90 at 4-5.

As the Third Circuit has noted, courts should liberally grant leave to amend a complaint pursuant to Fed. R. Civ. P. 15(a), unless other factors weigh against such relief. These include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Dole v. Arco Chemical Co.*, 921 F.2d 484, 486-7 (3d Cir. 1990) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Although the Court agrees with Plaintiff that there was no undue delay, bad faith, or dilatory motive on his part, permitting him to amend his complaint for a third time would be futile at this stage of the litigation, especially given Plaintiff's repeated failures to cure deficiencies in prior complaints. The Court recognizes that Plaintiff proceeded *pro se* in drafting his two amended complaints, but he did have the assistance of counsel in pleading his first complaint, and has also had the benefit

8

of reviewing potential deficiencies in light of motions to dismiss filed by all parties with respect to each of his three complaints.

Despite this, Plaintiff has now filed three complaints and has been unable to properly state a claim for civil conspiracy or municipal liability, as set forth in counts one and six, respectively. In his Motion, Plaintiff points to no additional facts outside the Second Amended Complaint that would be relevant to an evaluation of count one. Regarding count six, Plaintiff vaguely alludes to "other incidents of unreasonable issuance of warrants, unreasonable execution of warrants, or whether police officers like Defendant Young, sought and obtained warrants based on inadequate investigations, or based upon false or misleading statements of affiants." Doc. No. 88 at 6. In essence, Plaintiff asks the Court to permit him to plead other theories of municipal liability such as "failure to train or discipline" and "maintenance of unconstitutional policies and procedures" – neither of which have been raised by Plaintiff in any of his prior complaints. Nor is it clear how Plaintiff would be entitled to relief from Clearfield County on such claims. Defendant Young is a police officer of the city of Dubois, and as already stated, Clearfield County possesses no supervisory authority over Defendant Shaw in his prosecutorial capacity. And there has been no suggestion by Plaintiff that there were additional participants in the search who might be liable under § 1983. Accordingly, the Court cannot foresee the utility of allowing Plaintiff to amend his complaint a third time as to these counts.[2]

## VI. CONCLUSION

For the above reasons, the Court concludes that its previous decision (Doc. No. 28) was not based on a clear error of law or fact. Accordingly, the Court hereby **DENIES** Plaintiff's Motion for Reconsideration as to counts one and six of his Second Amended Complaint.

---

[2] Plaintiff also argues in his Motion that he should be given leave to amend as to count four, but makes no specific justification as to why the Court should grant this request. Accordingly, the Court will deny such relief.

9

Additionally, the Court **DENIES** Plaintiff's request for leave to amend his Second Amended Complaint. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CAMERON J. KITKO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. 3:10-189 |
| v. ) | JUDGE KIM R. GIBSON |
| ) | |
| RANDALL YOUNG, in his official and, ) | |
| individual capacities, LISA A. ROSSI, in ) | |
| her individual capacity, and WILLIAM ) | |
| SHAW, JR., in his individual capacity and ) | |
| as the DISTRICT ATTORNEY OF ) | |
| CLEARFIELD COUNTY ) | |
| ) | |
| Defendants. ) | |

## ORDER

**AND NOW**, this 31st day of May 2012, in accordance with the Memorandum, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration (Doc. No. 85) is **DENIED** as to counts one and six of Plaintiff's Second Amended Complaint. The Court also **DENIES** Plaintiff's request to amend his Second Amended Complaint.

BY THE COURT:

_____
**KIM R. GIBSON,**
**UNITED STATES DISTRICT JUDGE**