# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CAMERON J. KITKO, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 3:10-189 ) JUDGE KIM R. GIBSON |
| RANDALL YOUNG, *in his individual capacity*, | ) ) ) ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER OF COURT

**GIBSON, J.**

### I. SYNOPSIS

This matter comes before the Court on Plaintiff's Motion for Leave to File Amended Complaint and Add Additional Party Defendants (Doc. No. 105), which Defendant opposes. Plaintiff has also filed a Memorandum of Law in Support of His Motion Seeking Leave to File Third Amended Complaint (Doc. No. 106). Defendant Randall Young has filed a Brief in Opposition to Plaintiff's Motion for Leave to File a Third Amended Complaint (Doc. No. 107). For the reasons that follow, the Court will **DENY** Plaintiff's Motion.

### II. JURISDICTION AND VENUE

Jurisdiction is proper pursuant to 28 U.S.C. § 1343. Venue is proper pursuant to 28 U.S.C. § 1391(b).

### III. FACTUAL AND PROCEDURAL BACKGROUND

This case arises from events leading to and culminating with a police search of Plaintiff Cameron J. Kitko's residence in Punxsutawney, Pennsylvania, on February 3, 2010. The

1

relevant facts and procedural background, through April 2, 2012, were set forth in the Court's February 7, 2012 Memorandum Opinion and Order (Doc. No. 78) and May 31, 2012 Memorandum Opinion and Order (Doc. No. 103) and will not be repeated here. The history of Plaintiff's representation by Counsel, which is relevant to the instant motion, will be briefly repeated here.

Plaintiff originally retained attorney Joseph Devecka as his counsel in this case. However, Mr. Devecka, who filed Plaintiff's original Complaint (Doc. No. 1), withdrew as counsel on August 27, 2010 (Doc. No. 21). Starting on that date, and continuing through the entry of the Court's February 7, 2012 Order, Plaintiff had been acting *pro* se, which included his filing of both an Amended Complaint (Doc. No. 29) and a Second Amended Complaint (Doc. No. 45).[1] After the Court dismissed six of the seven counts from the Second Amended Complaint, attorney Herbert Terrell filed a Notice of Appearance on behalf of Plaintiff on March 4, 2012 (Doc. No. 84). Plaintiff subsequently filed a Motion for Reconsideration (Doc. No. 85) and Brief in Support (Doc. No. 88), along with a Motion for Entry of Judgment under Rule 54(b) (Doc. No. 86) and Brief in Support (Doc. No. 89). Defendants Clearfield County, William Shaw, and Defendant Young opposed the motions (Doc. Nos. 90, 91, 95, 96). Subsequent to those filings, Plaintiff's counsel reiterated in an Initial Rule 16 Conference held on April 2, 2012 that Plaintiff wished to amend his Complaint a third time. (Doc. No. 98 at 2.) In the Court's

---

[1] Plaintiff originally filed a Second Amended Complaint (Doc. No. 35) (hereinafter Plaintiff's "first proposed Second Amended Complaint") without first moving for leave to do so. Plaintiff then corrected this error by filing a motion to amend/correct his Complaint (Doc. No. 41), to which he attached a proposed Second Amended Complaint (Doc. No. 41-1) (hereinafter Plaintiff's "second proposed Second Amended Complaint"). The Court granted this motion (Doc. No. 42), and Plaintiff thereafter filed his Second Amended Complaint (Doc. No. 45). While the Court has accepted Doc. No. 45 as Plaintiff's Second Amended Complaint, the Court notes that Plaintiff failed to attach to Doc. No. 45 exhibits cited in that document and attached to Plaintiff's previously filed first and second proposed Second Amended Complaints (Doc. Nos. 35, 41). The Court will therefore construe Plaintiff's Second Amended Complaint (Doc. No. 45) as including those exhibits attached to Doc. Nos. 35 and 41.

May 31, 2012 Memorandum Opinion and Order (Doc. No. 103), the Court denied Plaintiff's Motion for Reconsideration and denied Plaintiff's request to amend his Second Amended Complaint. In a separate Order (Doc. No. 104), the Court also denied Plaintiff's Motion for Entry of Judgment under Rule 54(b).

On July 1, 2012, Plaintiff again requested to amend his Second Amended Complaint by filing a Motion (hereinafter Plaintiff's "Motion to File a Third Amended Complaint" or "Motion") Seeking Leave to File Amended Complaint and Add Additional Party Defendants (hereinafter the "proposed Defendants") (Doc. No. 105) along with a Brief in Support (Doc. No. 106.) Attached to his Motion, Plaintiff filed a proposed Third Amended Complaint (hereinafter the "proposed Third Amended Complaint") (Doc. No. 105-1). Defendant Young opposed the Motion (Doc. No. 107), which is now ripe for decision.

## IV. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 15, a party may amend its pleading once as a matter of course within 21 days of serving it or 21 days after the service of a responsive pleading or motion under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1). In all other circumstances, a party may amend its pleading only with the opposing party's written consent or with leave of court. Fed. R. Civ. P. 15(a)(2). Rule 15 embodies a liberal approach to amendment and specifies that "leave shall be freely given when justice so requires." *Dole v. Arco Chemical Co.*, 921 F.2d 484, 486-87 (3d Cir. 1990); Fed. R. Civ. P. 15(a)(1)(2). "An applicant seeking leave to amend a pleading has the burden of showing that justice requires the amendment." *Katzenmoyer v. City of Reading*, 158 F. Supp. 2d 491, 497 (E.D. Pa. 2001); see *Garvin v. City of Phila.*, 354 F.3d 215, 222 (3d Cir. 2003) (explaining that a plaintiff must show

that the elements of Rule 15(c) are met in order to change the party or the naming of the party against whom claims are asserted).

"The policy favoring liberal amendment of pleadings is not, however, unbounded." *Dole*, 921 F.2d at 487. Factors which may weigh against amendment include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Amendment is futile when the claim sought to be added would be barred by the statute of limitations. See *Garvin*, 354 F.3d at 219. However, an amendment of a pleading that changes the party or the naming of the party will relate back to the date of the original pleading and therefore will not be barred by the statute of limitations when the requirements of Rule 15(c)(1)(C) are met. Rule 15(c) provides:

> (c) Relation Back of Amendments.
>
>> (1) *When an Amendment Relates Back.* An amendment to a pleading relates back to the date of the original pleading when:
>>
>>> (A) the law that provides the applicable statute of limitations allows relation back;
>>>
>>> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or
>>>
>>> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>>>
>>>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and

> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Under Rule 15, "the decision whether to allow a plaintiff to amend the complaint [under Rule 15(a)] is separate from, and based upon a different standard than, the decision whether the new claim relates back to the original complaint [under Rule 15(c)]." *Eaglin v. Castle Acquisition, Inc.*, No. 2011-48, 2012 U.S. Dist. LEXIS 148590, at *4 (D.V.I. Oct. 16, 2012) (quoting *Caban-Wheeler v. Elsea*, 71 F.3d 837, 840 (11th Cir. 1996)); see also *Arthur v. Maersk Inc.*, 434 F.3d 196, 202-203 (3d Cir. 2006) (explaining that "[l]eave to amend under subsection (a) and relation back under subsection (c) [of Rule 15], while obviously related, are conceptually distinct" and comparing the standards of Rule 15(a) and Rule 15(c)). Therefore, even if Plaintiff's amended pleading meets the requirements of Rule 15(c) and would relate back to the date of the original pleading, leave to amend under Rule 15(a) may be denied if the Court determines that amendment would be "unjust" and leave should not be granted. See *Arthur*, 434 F.3d at 203; *Wine v. EMSA Ltd. P'ship*, 167 F.R.D. 34, 39 (E.D. Pa. 1996) (holding that proposed amendment related back under Rule 15(c) but denying leave to amend under Rule 15(a) because the interests of justice did not warrant allowing amendment).

Under Rule 15(a), "prejudice to the non-moving party is the touchstone for the denial of an amendment." *Cornell & Co. v. Occupational Safety & Health Review Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978). Absent substantial or undue prejudice, denial "must be based on bad faith or dilatory motives, truly undue or unexplained delay, repeated failures to cure the deficiency by amendments previously allowed, or futility of amendment." *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993). "Delay alone is not sufficient to justify denial of leave to

amend." *Arthur*, 434 F.3d at 204 (citing *Adams v. Gould Inc.*, 739 F.2d 858, 868 (3d Cir. 1984)). However, "at some point, the delay will become 'undue,' placing an unwarranted burden on the court . . . ." *Adams*, 739 F.2d at 868. "The question of undue delay requires that [the Court] focus on the movant's reasons for not amending sooner." *Cureton v. NCAA*, 252 F.3d 267, 273 (3d Cir. 2001). "When a party fails to take advantage of previous opportunities to amend, without adequate explanation, leave to amend is properly denied." *Arthur*, 434 F.3d at 204; see *Cureton v. NCAA*, 252 F.3d at 273.

## V. DISCUSSION

Plaintiff contends that the requirements of Rule 15(c) are met, and that his proposed Third Amended Complaint therefore relates back to the filing date of the original Complaint. (See generally Doc. No. 106; see also Doc. No. 106 at 3.) Defendant contends that Plaintiff's proposed claims are time barred and fail to meet the requirements of Rule 15(c) for relation back. (See Doc. No. 107 at 6-7.) The Court will address these arguments as well as the factors relevant to granting leave to amend under Rule 15(a), as they relate to the instant Motion.

### A. The Statute of Limitations

Plaintiff seeks to vindicate his Fourth Amendment rights, which were allegedly violated by conduct occurring within the Commonwealth of Pennsylvania, pursuant to 28 U.S.C. § 1983. (See Doc. No. 105-1.) Claims brought under Section 1983 are subject to state statutes of limitations governing personal injury actions. *Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Garvin v. City of Phila.*, 354 F.3d 215, 220 (3d Cir. 2003). The proper statute of limitations is that of the state where the cause of action arose. *Wallace*, 549 U.S. at 387. The Pennsylvania statute of limitations for personal injury actions is two years. 42 Pa. Cons. Stat. § 5524(7) (2012). Thus, Plaintiff's Section 1983 claims, arising in Pennsylvania, are subject to a two-year

6

statute of limitations. Here, neither party contests that the two-year statute of limitations has expired. (See Doc. No. 106 at 2; Doc. No. 107 at 6-7.) Therefore, Plaintiff may not add the proposed Defendants or proposed claim to this action unless the proposed Third Amended Complaint relates back to the date of his original filing on July 16, 2010, pursuant to Rule 15(c). *Urrutia v. Harrisburg County Police Dep't*, 91 F.3d 451, 457 (3d Cir. 1996); *Wine v. EMSA Ltd. P'ship*, 167 F.R.D. 34, 37 (E.D. Pa. 1996).

### B. The Relation-Back Doctrine (Rule 15(c))

In seeking to add two Defendants, Plaintiff seeks to change the party against whom a claim is asserted. See *Arthur v. Maersk, Inc.*, 434 F.3d 136, 209 (3d Cir. 2006). Therefore, for Plaintiff's request to be granted, Plaintiff must demonstrate that all of the requirements of Rule 15(c)(1)(C) are met. See *Singletary v Pa. Dep't of Corr.*, 266 F.3d 186, 194 (3d Cir. 2001) (explaining that Rule 15(c)(3)[2] imposes three conditions, all of which must be met for a successful relation back of an amended complaint that seeks to substitute newly named defendants).

As highlighted above, "Rule 15(c) enumerates three distinct prerequisites for an amendment to relate back to the original complaint: (1) the claims in the amended complaint must arise out of the same occurrences set forth in the original complaint, (2) the party to be brought in by amendment must have received notice of the action within 120 days of its institution, and (3) the party to be brought in by amendment must have known, or should have known, that the action would have been brought against the party but for a mistake concerning its identity." *Arthur*, 434 F.3d at 203 (citing Fed. R. Civ. P. 15(c)). Here, the amendment asserts a violation of Plaintiff's Fourth Amendment rights as a result of a search of his home—a claim

---

[2] The language of Rule 15(c)(1)(C), formerly rule 15(c)(3)(A), was revised in 2007. The changes, however, were intended to be stylistic only. Fed. R. Civ. P. 15 advisory committee's note, 2007 amend. The Court will leave unchanged quoted language that refers to Rule 15(c) prior to the 2007 amendment.

7

that arose out of the conduct, transaction, or occurrence set out in the original pleading. (See Doc. No. 105-1; Doc. No. 1.) Defendant does not appear to contest this. (See Doc. No. 107.) Thus, the first requirement of Rule 15(c)(1)(C)—the requirement that Rule 15(c)(1)(B) is satisfied—is met.

The second prerequisite for an amendment to relate back to the original complaint mandates that "within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment . . . received such notice of the action that it will not be prejudiced in defending on the merits." Fed. R. Civ. P. 15(c)(1)(C)(i). This prerequisite "has two requirements, notice and the absence of prejudice, each of which must be satisfied." *Urrutia*, 91 F.3d at 458.

Notice, for purposes of Rule 15(c)(1)(C)(i) may be actual or constructive. *Singletary*, 266 F.3d at 195-6. Rule 15(c)(1)(C) "cognizes two means of imputing the notice received by the original defendants to the party sought to be added: (i) the existence of a shared attorney between the original and proposed new defendant [the 'shared attorney method']; and (ii) an identity of interest between these two parties [the 'identity of interest method']." *Id.* at 189. The notice received "must be more than notice of the event that gave rise to the cause of action; it must be notice that the plaintiff has instituted the action." *Id.* at 195.

Plaintiff does not claim that—nor does he make any showing that—the proposed Defendants received actual notice. (See Doc. No. 106.) Therefore, the second prerequisite of Rule 15 can only be met if one of the two methods of imputing notice applies here. "The 'shared attorney' method of imputing Rule 15(c)(3) notice is based on the notion that, when an originally named party and the party who is sought to be added are represented by the same attorney, the attorney is likely to have communicated to the latter party that he may very well be joined in the

8

action." *Singletary*, 266 F.3d at 196. The relevant inquiry under this method of imputed notice is whether "notice of the institution of this action can be imputed to [the proposed defendants] within the relevant 120 period . . . by virtue of representation [the proposed defendants] shared with a defendant originally named in the lawsuit." *Id.*

Here, there is no evidence that the proposed Defendants shared representation with any of the original defendants within the 120-day period after the filing of the original Complaint—or at any time since then. Plaintiff's Motion simply states that "[t]he named attorneys [*sic*[3]] will or may possess the same counsel were they to be added to the case[,] as counsel for each prospectively [*sic*] individual defendant would be represented by an attorney who is or was previously involved in the case." (Doc. No. 106 at 4.) The applicable test is not whether the new defendants "*will* be represented by the same attorney, but rather whether the new defendant *is* being represented by the same attorney." *Bryant v. Vernoski*, No. 11-263, 2012 U.S. Dist. LEXIS 47498, at *10 (M.D. Pa. Apr. 4, 2012) (citing *Garvin*, 354 F.3d at 223) (emphasis added). To utilize the shared attorney method of imputing notice, "a plaintiff must show that there was 'some communication or relationship' between the shared attorney and the John Doe defendant prior to the expiration of the 120-day period . . . ." *Garvin*, 354 F.3d at 225. (quoting *Singletary*, 266 F.3d at 196-97). In addition to failing to show that the proposed Defendants shared representation with any of the original defendants, Plaintiff has also failed to provide any evidence of communication between counsel for the original defendants and the proposed Defendants. Thus, notice may not be imputed to the proposed Defendants pursuant to the shared attorney method.

---

[3] Through his statement "[t]he named attorneys[,]"Plaintiff appears to intend to refer to the proposed Defendants, not any of the attorneys involved or previously involved in this matter.

Notice may be imputed under the identity of interest method if the "parties are so closely related in their business operations or other activities that the institution of an action against one serves to provide notice of the litigation to the other." *Singletary*, 266 F.3d at 197. To utilize the identity of interest method, a plaintiff must "demonstrate that the circumstances surrounding the filing of the lawsuit permit the inference the notice was actually received by the parties sought to be added as defendants during the relevant time period." *Miller v. Hassinger*, 173 Fed. Appx. 948, 956 (3d Cir. 2006) (citing *Singletary*, 266 F.3d at 197-200; *Garvin*, 354 F.3d at 227).

Here, Plaintiff has not fully developed his argument that there exists a sufficient identity of interest under Rule 15(c) such that imputing notice to the proposed Defendants is proper. In asserting that identity of interest exists, Plaintiff has merely stated that "the identity of interest test is met because the prospective newly named or added defendants did execute the warrant at the Plaintiff's property." (See Doc. No. 106 at 4.) In his original Complaint, Plaintiff names three defendants from whom notice may possibly be imputed: Lisa A. Rossi, Clearfield County, and Officer Randall L. Young. (See Doc. No. 1 at 1.) Plaintiff alleges no relationship between Lisa A. Rossi and the proposed Defendants, and none is apparent from the record. Therefore, notice may not be imputed to the proposed Defendants under the identity of interest method by virtue of the notice received by Ms. Rossi.

In *Singletary v. Pennsylvania Department of Corrections*, 266 F.3d 186, 200 (3d Cir. 2001), the Third Circuit held that, "absent other circumstances that permit the inference that notice was actually received, a non-management employee . . . does not share a sufficient nexus of interests with his or her employer so that notice given to the employer can be imputed to the employee for Rule 15(c)(3) purposes." The proposed Defendants—individual police officers—sought to be added here qualify as non-managerial employees. See *Garvin*, 354 F.3d at 227

10

(finding that the individual police officers sought to be added to the action "certainly qualify as non-managerial employees"). Therefore, even assuming that Clearfield County could be considered the employer of the proposed Defendants, Officers Robertson and Lockwood, in light of the fact that Plaintiff has made no showing of "other circumstances that permit the inference that notice was actually received," *Singletary*, 266 F.3d at 200, notice may not be imputed to the non-managerial proposed Defendants sought to be added here by virtue of the notice received by Clearfield County.

Although imputing notice from Officer Young to the proposed Defendants through the identity of interest method presents the closest call for demonstrating satisfaction of Rule 15(c)'s notice requirement, the Court finds that Plaintiff falls short of meeting his burden to demonstrate that the circumstances permit an inference that notice was actually received by the proposed Defendants within 120 days of Plaintiff's filing of the original Complaint. See *Miller*, 173 Fed. Appx. at 956. In his Motion, Plaintiff has offered nothing beyond the assertion that the proposed Defendants executed the warrant on Plaintiff's property to suggest that Rule 15's notice requirement has been satisfied through the identity of interest method. (See Doc. No. 160 at 4.) Plaintiff has failed to present any evidence that the proposed Defendants would have been on notice within the required time period as a result of their working in the same police department as Officer Young. See *Buchanan v. West Whiteland Twp.*, No. 08-0462, 2008 U.S. Dist. LEXIS 81862, at *2, 5-6 (E.D. Pa. Oct. 15, 2008) (finding that plaintiff failed to present evidence that the officer who plaintiff sought to add to the Complaint by way of Rule 15(c) and who was allegedly present when the violation of Plaintiff's civil rights took place would have been on notice within the required time period as a result of working in the same police department as another officer who was named in original Complaint; declining to look further into the facts

11

upon concluding that Plaintiff did not satisfy the final requirement of Rule 15(c)(3)); see also *McLean v. City of Paterson*, No. 07-3675 (KSH), 2008 U.S. Dist. LEXIS 41117, at *11 (D. N.J. May 23, 2008) (holding that notice could not be properly imputed upon Detective who Plaintiff sought to add to Complaint under the identity of interest method where Detective was a non-management employee and there was nothing before the Court on which the Court could infer notice based upon his role or relationship with the other defendants, of whom were other Detective Sergeants). Moreover, the Court finds that Plaintiff's argument that the requirement of Rule 15(c)(1)(C)(ii) is satisfied fails even after looking beyond the facts stated in Plaintiff's Motion. The Court questions the extent of the identity of the interests between Officer Young, who appears to have obtained the warrant to search Plaintiff's home—allegedly despite the fact that he knew or should have known that the home was owned by Plaintiff and not Walker James Kitko (see Doc. No. 1 at 2) and allegedly through a conspiracy entered into with Ms. Rossi and with malice and intent to cause harm to Plaintiff (see Doc. No. 45 at 13)—and those officers executing a search pursuant to what appears to be a facially valid warrant.

In addition to notice, Rule 15(c) requires that a newly added party will not be prejudiced in defending on the merits. Fed. R. Civ. P. 15(c)(1)(C)(i); *Urrutia*, 91 F.3d at 458. "[T]he 'prejudice' to which the Rule refers is that suffered by one who, for lack of timely notice that a suit has been instituted, must set about assembling evidence and constructing a defense when the case is already stale." *Garvin*, 354 F.3d at 222 n.6 (quoting *Nelson v. Cnty. of Allegheny*, 60 F.3d 1010, 1014-15 (3d Cir. 1995). Plaintiff has not claimed nor advanced any argument that the proposed Defendants will suffer no prejudice in defending on the merits if the Plaintiff is again permitted to amend his Complaint. (See generally Doc No. 160.) The statute of limitations "serves the salutary purpose of preventing stale claims and requiring timely notice to defendants

before distance from the event eviscerates accurate recall." *Colbert v. City of Phila.*, 931 F. Supp. 389, 393 (E.D. Pa. 1996). Plaintiff seeks to add claims against the proposed Defendants based on the execution of a search warrant—often a commonplace event in the life of police officers—almost three years ago. Absent a showing of actual, informal or constructive notice, or any reason provided by Plaintiff explaining why prejudice will not occur, this Court cannot conclude that the proposed Defendants would not be prejudiced by permitting Plaintiff to amend his Complaint for the third time. See *Anderson v. City of Phila.*, 65 Fed. Appx. 800, 803 (3d Cir. 2003) (citing *Singletary*, 266 F.3d at 194 n.3.)

Accordingly, because the Court concludes that Rule 15(c) requirements of notice and lack of prejudice are not met, Plaintiff cannot relate his proposed Third Amended Complaint back to the original Complaint and therefore his attempt to add the proposed Defendants and the proposed claim is barred by the statute of limitations.

### C. Leave to Amend (Rule 15(a))

Although the Court concludes that the proposed Third Amended Complaint does not relate back to the original Complaint, the Court extends its discussion briefly to address the propriety of granting leave to amend pursuant to Rule 15(a) if Rule 15(c) were satisfied. While Plaintiff bears the burden to demonstrate that an amendment relates back to the original Complaint under Rule 15(c), see *Garvin*, 354 F.3d at 222; *Katzenmoyer*, 158 F. Supp. 2d at 497, Defendant bears the burden of demonstrating prejudice sufficient to deny leave to amend under Rule 15(a). See *Dole v. Arco Chemical Co.*, 921 F.2d 484, 488 (3d Cir. 1990) ("In order to make the required showing of prejudice, regardless of the stage of the proceedings, [Defendant] is required to demonstrate that its ability to present its case would be seriously impaired were amendment allowed."); *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989) (explaining that a

13

non-moving party "must do more than merely claim prejudice; 'it must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the . . . amendments been timely.'" (quoting *Heyl v. Patterson Int'l*, 663 F.2d 419, 426 (3d Cir. 1981)). Here, neither the Defendant nor the proposed Defendants have made any showing that their ability to present their case would be seriously impaired were amendment allowed. Thus, the Court finds that Defendant has not made the required showing of prejudice. Nonetheless, leave may be properly denied on other grounds absent a showing of prejudice. See *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993) ("In the absence of substantial or undue prejudice, denial instead must be based on bad faith or dilatory motives, truly undue or unexplained delay, repeated failures to cure the deficiency by amendments previously allowed, or futility of amendment.")

Here, Plaintiff's Motion was filed just shy of two years after the action was instituted and nearly one year and five months from the date on which the Complaint was amended for the second time. (See Docket Report entries 1, 45, 105, 106.) Information regarding the proposed Defendants' involvement in the search of Plaintiff's home was available to Plaintiff at least by the time he filed his Second Amended Complaint: attached to Defendant Young's "Brief in Support of Defendant, Officer Randall J. Young's, Motion to Dismiss Plaintiff's Amended Complaint" (Doc. No. 28) was a copy of the application of the search warrant and receipt of property seized from Plaintiff's home (the "Seized Property Receipt") (see Doc. No. 28-1). The Seized Property Receipt was signed by the two proposed Defendants, listed their names in hand-written print, and identified Officer Robertson as the "person making search" and Officer Lockwood as the "witness." (See Doc. No. 28-1 at 12.) It was filed by Defendant Young before Defendant filed his Second Amended Complaint and over one year and a six months before

14

Plaintiff moved to add these individuals to the action by way of the instant motion. (See Docket Report entries 28, 105, 106.) The Seized Property Receipt was also cited in Plaintiff's first and second proposed Second Amended Complaints (see Doc. No. 35 at 12; Doc. No. 41 at 12) and Second Amended Complaint (see Doc. No. 45 at 12) and was attached as an exhibit to Plaintiff's first proposed Second Amended Complaint (Doc. No. 35-1 at 11), which was filed over one year and five months prior to the instant Motion (see Docket Report entries 35, 105, 106). Nonetheless, Plaintiff did not add the proposed Defendants as parties to his Second Amended Complaint, nor did he seek to add them anytime shortly thereafter.

During the pendency of this action, Plaintiff had numerous opportunities to amend but has failed to cure the alleged deficiency though these previously allowed amendments. (See Doc. No 26; Doc. No. 45.) Plaintiff has provided no justification for his failure to take advantage of previous opportunities to amend. (See Doc. No. 105; Doc. No. 106.) The Court acknowledges that Plaintiff has preceded *pro se* for much of the pendency of this litigation. However, Plaintiff does not attribute the failure to previously add the proposed Defendants and claim to his *pro se* status, nor is there evidence that his failure should be attributed to this status. (See Doc. No. 105; Doc. No. 106.) Furthermore, while the Court is sympathetic to Plaintiff's previous status as a *pro se* litigant, because Plaintiff has filed the instant Motion with the assistance of counsel, Plaintiff's former *pro se* status has no bearing on Plaintiff's present failure to provide an adequate explanation for his failure to take advantage of previous opportunities to amend.[4]

---

[4] In his Motion and Brief in Support, Plaintiff states that he was given leave, upon motion, to file an amended complaint to add parties or claims with his present counsel's entry of appearance and the Court's scheduling order. (See Doc. No. 105 at 1; Doc. No. 106 at 1.) The minutes of the Initial Rule 16 Conference (Doc. No. 98), which was held eight days prior to the entry of Initial Scheduling Order (Doc. No. 99) and attended by Plaintiff's present counsel does not support this claim. It states: "[Attorney Terrell] reminded the Court that there was a pending

15

## VI. CONCLUSION

For the foregoing reasons, the Court concludes that the statute of limitations has run and Plaintiff's proposed amendments do not relate back to the original Complaint under Rule 15 because the newly named Defendants did not have notice of the lawsuit. Accordingly, the Court hereby **DENIES** Plaintiff's Motion to File a Third Amended Complaint. An appropriate order follows.

---

Motion for Reconsideration concerning the dismissal of certain claims and defendants, and further suggested that the amended complaint may not have named all the parties, as well as possible additional claims. . . . The Court assured Mr. Terrell that should a pending Motion for Reconsideration be granted, Plaintiff would be given additional time to join parties and/or add claims. . . . Regarding a possible amendment of the complaint, it would be best to wait for the Court's decision on outstanding motions." (See Doc. No. 98 at 102.) The Initial Scheduling Order states that parties should move to amend the pleadings or add new parties by July 1, 2012. Neither document gives plaintiff leave to file an amended complaint. The Motion for Reconsideration which, if granted, *would* have caused the Court to give Plaintiff additional time to join parties and/or add claims (see Doc. no. 98 at 2), was subsequently denied. (See Doc. No. 103.) In denying that Motion, the Court also denied Plaintiff's request to amend his Second Amended Complaint that accompanied his Motion for Reconsideration. (See Doc. No. 103 at 8-9, 11.) Plaintiff now seeks leave, for a second time, to amend his Second Amended Complaint. This Court has not previously granted Plaintiff leave, upon motion, to file a Third Amended Complaint and neither the Initial Scheduling Order nor the minutes of matters discussed at the Initial Rule 16 Conference supports Plaintiff's claim to the contrary.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CAMERON J. KITKO, | ) |
| Plaintiff, | ) ) ) CIVIL ACTION NO. 3:10-189 |
| v. | ) JUDGE KIM R. GIBSON |
| RANDALL YOUNG, *in his individual capacity*, | ) ) ) ) ) ) |
| Defendant. | ) |

## ORDER

**AND NOW**, this 9th day of January 2013, in accordance with the foregoing Memorandum, **IT IS HEREBY ORDERED** that Plaintiff's "Motion for Leave to File Amended Complaint and Add Additional Party Defendants" (Doc. No. 105) is **DENIED**.

BY THE COURT:

_____
**KIM R. GIBSON,**
**UNITED STATES DISTRICT JUDGE**